*Weinberg, Gross & Pergament LLP*

**ATTORNEYS AT LAW**
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION
Suite 309
400 Garden City Plaza
Garden City, New York 11530

Seth M. Choset
David E. Miller*
Marc A. Pergament
Marc Weingard

*Admitted To Practice in
New York and Connecticut*

Tel (516) 877-2424
Fax (516) 877-2460
www.wgplaw.com

*Of Counsel*
Howard R. Gross**
Harvey Weinberg

**Admitted To Practice in
New York and Florida*

December 19, 2022

<u>VIA ECF</u>
Honorable Louis A. Scarcella
United States Bankruptcy Judge
United States Bankruptcy Court
Alfonse M. D'Amato Courthouse
290 Federal Plaza
Central Islip, New York  11722

Re:    East End Bus Lines, Inc.
Case No. 818-76176-845
Case No. 818-76179-845
Case No. 818-76177-845
Case No. 818-76716-845
Case No. 818-76717-845
<u>Jointly Administered</u>

Dear Judge Scarcella:

This firm is counsel to the Debtors in the above-referenced Chapter 11 cases and this letter is in furtherance to the hearing conducted before Your Honor on December 15, 2022.

I have conferred with Alex Terras, attorney for Merchants Automotive Services and he has confirmed that the Debtor's Amended Plan of Reorganization dated November 3, 2022 contains the language that he thought was missing. Thus, there is no issue from Mr. Terras and I am enclosing the email from him confirming that he has no issue with confirmation of the Debtor's Amended Plan.

The Order providing for confirmation of the Amended Plan was approved by Christine Black and was uploaded on this date.

Honorable Louis A. Scarcella
United States Bankruptcy Judge
December 19, 2022
Page 2


       In the event Your Honor has any questions concerning the Order, kindly have Chambers contact me.

       Respectfully yours,

       Marc A. Pergament

MAP:lc
enclosure
cc:    Office of the United States Trustee
       Attn:  Christine H. Black, Esq.
       Via E-Mail - christine.h.black@usdoj.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
| | |
| East End Bus Lines, Inc., | Case No. 818-76176-845 |
| Montauk Transit Service LLC, | Case No. 818-76179-845 |
| Montauk Student Transport LLC, | Case No. 818-76177-845 |
| Montauk Transit LLC, | Case No. 818-76716-845 |
| East End Bus Service LLC, | Case No. 818-76717-845 |
| | (Jointly Administered) |
| Debtors. | |

--------------------------------------------------------X

## ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION

East End Bus Lines, Inc. ("East End"), Montauk Transit Service LLC ("Montauk Service"), Montauk Student Transport LLC ("Montauk Student"), Montauk Transit LLC ("Montauk Transit") and East End Bus Service LLC ("EEB Service"), Debtors and Debtors-in-Possession (collectively "Debtors" or "EEB") (i) having proposed and filed Debtors' Amended Plan of Reorganization (hereinafter referred to as the "Plan") under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") dated November 3, 2022 [ECF No. 834]; (ii) having filed the Amended Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement") dated November 3, 2022 [ECF No. 833]; (iii) the Amended Disclosure Statement having been approved by the Court and it was transmitted to all creditors and parties-in-interest in the Debtors (or to representatives of such holders); (iv) the confirmation hearing on the Plan having been conducted by the Court on December 15, 2022 (the "Confirmation Hearing"); (v) no objections having been made at the Confirmation Hearing; (vi) upon the record of the hearings and all the proceedings held before the Court in the above-captioned cases (the "Chapter 11 Cases"); (vii) after due deliberation, and (viii) sufficient cause appearing therefor;

The Court hereby FINDS and DETERMINES, after notice and a hearing, that[1]:

A.    This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of these Chapter 11 Cases.

C.    Any person required to receive notice of the hearings on the adequacy of the Disclosure Statement and confirmation of the Plan has received due, proper and adequate notice thereof. All persons having an interest, vested or contingent, present or future, in the Debtors, to the extent such persons can presently be identified, received a copy of the Plan and Disclosure Statement and due, proper and adequate notice of the Confirmation Hearing, which notice complied with Rule 2002 of the Bankruptcy Rules. Due, proper and adequate notice and an opportunity to appear was given to all persons with any claim against or interest in the Debtors. No Objections to Confirmation were made or filed during or prior to the Confirmation Hearing or were withdrawn prior to or at the Confirmation Hearing.

D.    The Debtors, as proponent of the Plan, have satisfied their burden of proving, by a preponderance of the evidence, the elements of §1129(a).

---

[1] Certain of the terms used herein are defined in the Plan, and except as otherwise provided, such terms when used in this Order shall have the same meaning as set forth in the Plan. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

E.      The Plan complies with the applicable provisions of the Bankruptcy Code, in accordance with §1129(a)(1) of the Bankruptcy Code.

F.      In proposing the Plan, the Debtors have complied with the applicable provisions of the Bankruptcy Code, in accordance with §1129(a)(2) of the Bankruptcy Code.

G.      The Plan has been proposed in good faith and not by any means forbidden by law.  The Debtors have been advised by counsel of their own choosing in the formulation of the Plan.

H.      The Debtors have complied with §1129(a)(5) of the Bankruptcy Code and have disclosed the identity and affiliations of any person proposed to serve, after the confirmation of the Plan, as manager or officer of the Debtors, and the appointment to, or continuance in, such office of such person is consistent with the interests of creditors and interest holders and with public policy.  The Debtors have disclosed the identity of any Insider of the Debtors that will be employed or retained by the Debtors and the nature of any compensation for such insiders.

I.      Section 1129(a)(6) of the Bankruptcy Code is inapplicable because there are no governmental regulatory commissions with jurisdiction over the Debtors or over any "rates" of the Debtors and, therefore, there is no rate change provided for in the Plan which must be approved.

J.      The Plan satisfies §1129(a)(7) of the Bankruptcy Code.  The liquidation analysis in Exhibit "D" to the Disclosure Statement and the testimony proffered at the Confirmation Hearing provides that with respect to each Impaired Class of Claims, each holder of a Claim of such Class has accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy

Code.  No holder of an Allowed Secured Claim has made an election under §1111(b)(2) of the Bankruptcy Code.

        K.      As set forth in the Certification of the Ballots filed with the Court on December 14, 2022, holders of Allowed Claims, which Classes are impaired within the meaning of §§1124 and 1129(a)(10), have accepted the Plan within the meaning of §1126.  Since impaired Classes of Claims have accepted the Plan as to each Debtor, the requirements of §1129(a)(8) have been met.

        L.      Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that:

        (i)      with respect to a Claim of a kind specified in §§507(a)(1), 507(a)(2), 507(a)(3), 507(a)(4), 507(a)(6), 507(a)(7), and 507(a)(9) of the Bankruptcy Code, the holder of such Claim will receive on account of such Claim cash equal to the allowed amount of such Claim on the Effective Date; and

        (ii)      with respect to a Claim of the kind specified in §507(a)(8) of the Bankruptcy Code, the holder of such Claim will receive, on account of such Claim, cash on the later of the Effective Date or when same has been deemed an Allowed Claim in an amount equal to the allowed amount of such Claim or payment within sixty (60) months of the Petition Date. Accordingly, the requirements of §1129(a)(9) have been satisfied.

        M.      At least one (1) Class of Claims that is impaired under the Plan with respect to each Debtor has accepted the Plan, determined without including the acceptance of the Plan by any insider of the Debtors holding a Claim in such Class.  Thus, the requirements of §1129(a)(10) have been satisfied.

4

N.    The Plan satisfies §1129(a)(11) of the Bankruptcy Code because confirmation of the Plan is not likely to be followed by the need for further financial reorganization or liquidation of the Debtors.  The Reorganized Debtors will have adequate capital to meet its ongoing obligations, and will be under the control of competent management.  Thus, the Plan presents a workable scheme of organization and operation, and there is a reasonable probability that the provisions of the Plan will be performed.  Accordingly, the Plan is found and determined to be feasible.

O.    All fees payable under 28 U.S.C. §1930, as determined by the Court at the hearing confirming the Plan, have been paid or the Plan provides for the payment of all such fees thereby satisfying §1129(a)(12) of the Bankruptcy Code.

P.    The Debtors are not obligated to, and does not, pay any "retiree benefits" as defined in §1114(a) of the Bankruptcy Code.  Thus, §1129(a)(13) of the Bankruptcy Code is not applicable in this Chapter 11 Case.

Q.    The releases and discharges of Claims and other liability described in Articles VIII and IX of the Plan constitute a good faith compromise and settlement of the matters covered thereby.  Such releases, compromises and settlements, including, without limitation, the releases set forth in Article IX of the Plan, are made in exchange for consideration and are in the best interest of holders of Claims, are fair, equitable, reasonable and are integral elements of the restructuring and resolution of the Chapter 11 Cases in accordance with the Plan.  Each of the discharge, release, and exculpation provisions set forth in the Plan:

(i)    falls within the jurisdiction of the Court under 28 U.S.C. §§1334(a), (b), and (d);

5

(ii)      is an essential means to obtain confirmation of and implementation of the Plan pursuant to §1123(a)(5) of the Bankruptcy Code;

(iii)     is an integral element of the transactions incorporated into the Plan;

(iv)     confers material benefit on, and is in the best interest of, the Debtors, their estates and their creditors;

(v)      is important to the overall objectives of the Plan to file and resolve all claims among or against the parties in interest in the Chapter 11 Cases with respect to the Debtors, their organization, capitalization, operation and reorganization; and

(vi)     is consistent with §§105, 1123, 1129, 1141 and other applicable provisions of the Bankruptcy Code.

R.      The Disclosure Statement has been reviewed by the attorneys and representatives of parties in interest and meets the requirements of §1125 of the Bankruptcy Code.

S.      The solicitation of acceptances of the Plan by the Debtors was in good faith.

T.      The Debtors and the Reorganized Debtors are each an "entity acquiring property under the plan," within the meaning of §1141(a) of the Bankruptcy Code. The Reorganized Debtors is an "entity organized…for the purpose of carrying out the plan" within the meaning of §1142(a) of the Bankruptcy Code.

U.      The Plan is fair and equitable to all parties-in-interest, including, without limitation, all holders of Claims and Stockholder Interests.

V.      The Plan designates Classes of Claims and Classes of Stockholder Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification is therefore consistent with §1122 of the Bankruptcy Code. Valid business and legal reasons exist for the various Classes of Claims

and Stockholder Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests.  Thus, the Plan satisfies §1123(a)(1) of the Bankruptcy Code.

W.    The Plan specifies the treatment of impaired Classes, thereby satisfying §1123(a)(3) of the Bankruptcy Code.

X.    The Plan provides for the same treatment for each Claim or Stockholder Interest in each respective Class unless the holder of a particular Claim or Stockholder Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying §1123(a)(4) of the Bankruptcy Code.

Y.    Article XI of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying §1123(a)(5) of the Bankruptcy Code.

Z.    Section 1123(a)(6) is inapplicable because the Reorganized Debtors do not have more than one class of voting securities.

AA.    The Plan and Disclosure Statement set forth appropriate provisions with respect to the manner of the selection of officers and directors thereby satisfying §1123(a)(7).

BB.    This Court shall retain jurisdiction in accordance with the terms of Article XIV of the Plan, the other provisions of this Confirmation Order, and §1142 of the Bankruptcy Code.

CC.    The Debtors and the United States Trustee do not object to the provisions of this Confirmation Order.

IT IS on this ___ day of December    , 2022, ORDERED THAT:

1.    The Plan be, and the same hereby, is confirmed.  All of the findings of the Court with respect to the Plan apply with equal force and effect to the Plan, as amended herein.

2.    Except as provided by the Plan or this Confirmation Order, or prior order of the Bankruptcy Court, the Debtors shall be, and it hereby is, discharged from all debts and Claims that arose against it before the date of entry of this Confirmation Order, including, without limitation, (i) any debt based upon a guarantee of collection or payment or performance of any obligation, (ii) any clause or provision of subordination in any agreement of the Debtors, (iii) any debt of any kind specified in §§502(g), 502(h) or 502(i) of the Bankruptcy Code, and (iv) any debt for which the Debtors are liable in their capacity as a guarantor, indemnitor, surety or other contingent obligor, in each instance whether or not (a) a proof of Claim based upon such a debt is filed or deemed to be filed under §501 of the Bankruptcy Code, (b) such Claim is allowed under §502 of the Bankruptcy Code, or (c) the holder of such Claim has accepted the Plan.

3.    Nothing in this Confirmation Order or the Plan shall operate as a discharge of the Debtors from Claims, obligations or liabilities to be paid or performed under the Plan. Pursuant to 28 U.S.C. § 1930(a)(6) and 31 U.S.C. § 3717, the Reorganized Debtors' obligation to pay quarterly fees and interest, if any, to the United States Trustee shall continue until the earlier of (1) the entry of a final decree, (2) the dismissal of the cases, or the conversion of the case from Chapter 11 to Chapter 7 of the Bankruptcy Code.

4.    Except as provided by the Plan or this Confirmation Order, any judgment by any other court at any time obtained to the extent that such judgment is a determination of the liability of the Debtors with respect to any debt discharged hereunder, be, and it hereby is, rendered null and void.

5.    Except as provided by the Plan or this Confirmation Order, the commencement or continuation of any action, or the employment of process with respect to any debt discharged hereunder, or any act to collect, recover or offset any debt discharged hereunder,

8

as a liability of the Debtors, Reorganized Debtors, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the Debtors, the Reorganized Debtors or from property of the Debtors, Reorganized Debtors, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the Debtors, Reorganized Debtors or and it hereby is, forever enjoined.

6.      The releases set forth in Article IX of the Plan, which represent, in part, and constitute a settlement and compromise pursuant to Bankruptcy Rule 9019(a) shall be, and hereby are, approved.  Except as provided by the Plan or this Confirmation Order, the commencement or continuation by or on behalf of any holder of a Stockholder Interest, any holder of a Claim, or any person acting or purporting to act by, through, under or on behalf of any of the foregoing of any action, the employment of process, or any act to assert a Claim for relief against the Debtors, Reorganized Debtors, or any of their respective, officers, directors, and any professional persons employed by any of them in respect of (a) any actions taken or omitted to be taken during the course of these Chapter 11 Cases, (b) the authorization for or the formulation, negotiation, solicitation, dissemination, implementation, confirmation or consummation of the Plan or (c) acts performed pursuant to the Plan be and it hereby is, forever enjoined.  This decretal paragraph shall not prohibit or impair any Creditor from commencing proceedings to enforce, preserve and protect their respective rights and benefits under the Plan, or for asserting liability against any of the foregoing parties for their actions or omissions which are determined in a Final Order to have constituted gross negligence or willful misconduct.

7.      Except as permitted by the Bankruptcy Code, upon the Effective Date of the Plan, the Debtors, and each interest holder, creditor and other party-in-interest, and any person acting or purporting to act by, through, under or on behalf of any of the foregoing shall be, and

they hereby are, forever enjoined from commencing any action in any court seeking to modify any term of the Plan, or any act taken or to be taken under the Plan, or to interfere with the receipt and retention of any distribution or transfer of assets made or to be made under the Plan, or to interfere with the receipt and retention of any distribution or transfer of assets made or to be made under the Plan or performance of obligations under the Plan.

        8.     Any holder of a Claim or Stockholder Interest be, and hereby is, forever enjoined from commencing any action or prosecuting any Claim for relief or cause of action against the Debtors, or any officer, director, or attorney, accountant, consultant or other person or entity retained by any of the foregoing, based upon any of the statements or representations included in, or alleged omissions in, the Disclosure Statement.

        9.     Except as may be specifically preserved under the Plan, this Confirmation Order or any prior order of the Bankruptcy Court, on the Effective Date, all of the property of the Debtors' estate shall vest in the Reorganized Debtors and shall be free and clear of all liens, Claims and Stockholder Interests. Except as provided by the Plan or this Confirmation Order, without limiting the foregoing, any and all security interests in, liens upon, rights of setoff against and pledges of property and assets of the Debtors shall be deemed terminated and released on the Effective Date. Except as provided by the Plan or this Confirmation Order, the holders of any security interests in, liens upon, rights of setoff against and/or pledges of property and assets of the Debtors pursuant to the Plan are directed to execute and deliver, upon the Effective Date, any and all Uniform Commercial Code releases and/or termination statements prepared by or on behalf of the Debtors for such purpose, and in a form acceptable for recording, covering all financing statements which have been filed against the Debtors.

10.    Notwithstanding anything in the Plan or this Confirmation Order to the contrary, Wells Fargo Equipment Finance will retain its liens and security interests in the Debtors' vehicles as provided in the loan documents and the Stipulation and Agreed Order by and among the Debtors and Wells Fargo Equipment Finance previously approved by the Bankruptcy Court [ECF No. 223] (the "Stipulation"). Nothing in the Plan or this Confirmation Order is meant to amend, impair, or alter the terms of the Stipulation.

11.    The provisions of the Plan and this Confirmation Order shall be, and be forever afterwards, binding on the Debtors, each creditor of the Debtors, each holder of an interest, the Reorganized Debtors and each other party-in-interest in these Chapter 11 Cases pursuant to §1141 of the Bankruptcy Code.

12.    Each of the Debtors and the Reorganized Debtors and their respective directors, officers, agents and attorneys shall be, and they hereby are, authorized, empowered and directed to carry out all of the provisions of the Plan and to perform such acts and execute and deliver any other documents as are necessary or appropriate in connection with the Plan and this Confirmation Order. This Confirmation Order shall be construed to authorize the exercise by and on behalf of the Debtors of all powers available under the laws of the State of New York.

13.    All of the transfers of property of the Debtors provided for in the Plan made on the Effective Date shall be, and the same hereby is, deemed made as of the Effective Date without any further action on the part of the Debtors, and without any requirement or filing or recording of documents of conveyance, and all such transfers are valid and effective as of the Effective Date; provided, however, that, after the Effective Date and as soon as practicable, the Reorganized Debtors shall cooperate to make all filings and recordings which would otherwise be required under applicable state law to give notice of such transfers and conveyance to third parties

11

and provided further, that, in their reports required to be filed in this Court pursuant to applicable Bankruptcy Rules, the Debtors and the Reorganized Debtors shall show substantial compliance with the immediately preceding proviso.

14.    On the Effective Date, the assumption or rejection of executory contracts and unexpired leases as provided in Article X of the Plan shall be approved.

15.    Any person alleging Claims arising from the rejection of any executory contract or unexpired lease pursuant to Article X of the Plan shall file a Proof of Claim with the Court within the earlier of: (a) thirty (30) days after service of notice of the entry of the Confirmation Order; or (b) any deadline imposed by an order of the Court rejecting the subject executory contract or unexpired lease.

16.    All injunctions or stays provided for in these Chapter 11 Cases under §§105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

17.    As of the Effective Date, the stay in effect in these Chapter 11 Cases pursuant to §362(a) of the Bankruptcy Code and any stay entered in each such case by this Court under §105 of the Bankruptcy Code be, and hereby is, dissolved and is of no force or effect, but is replaced by the permanent injunction provided herein and under the Bankruptcy Code and with respect to the Debtors' leases for its real property, upon the payment of the sums due to the landlords for the pre-petition and post-petition periods, the permanent injunction shall take effect.

18.    This Court shall retain jurisdiction in accordance with the terms of Article XIV of the Plan, the other provisions of this Confirmation Order, and §1142 of the Bankruptcy Code.

19.     "Substantial consummation" of the Plan shall be deemed to occur upon delivery of the sums required to be delivered under the Plan on the Effective Date.  Notice of the Effective Date shall be served on all creditors and parties in interest and filed with the Court with proof of service.

20.     As prescribed in §1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan or this Order shall not be taxed under any law imposing a stamp tax or similar tax.

21.     The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

22.     Upon the occurrence of the Effective Date, all transactions effected by the Debtors during the period commencing on September 13, 2018 and ending on the Confirmation Date are hereby ratified.

23.     No finding or determination in this Order shall be binding on any party to the extent the Effective Date does not occur by April 15, 2023.

24.     Within ninety (90) days of the entry of this Order, or at such other time as the Court may otherwise direct, the Debtors' attorneys shall file an application for the final decree.